WILLIAM J. MINSHALL, RESPONDENT, *v.* EDWARD G.
ARTHUR, APPELLANT.

*Conversion — right of action for, not waived by silence — Receipt of dividend from estate*
*of bankrupt — effect of.*

A firm, of which the defendant was a member, bought certain shares of stock for
the plaintiff. The firm subsequently failed, made an assignment, and sold the
stock. The plaintiff received a dividend under the assignment made by the
firm, the members of which were subsequently discharged under the bankrupt
act. In an action brought for the conversion of the stock, *held,* that the plaintiff
was entitled to recover. His right of action was not extinguished by his silence,
upon being informed of the unauthorized sale of the stock, nor by the receipt

of the dividend, as it was not received with the intent thereby to extinguish the claim, or with knowledge that such would be its effect.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*J. T. Mackenzie*, for the appellant.

*Geo. E. King*, for the respondent.

BARNARD, P. J. :

The firm of Aldrich, Sharpe & Company, of which firm defendant was one of the members, agreed to buy, and did buy, 100 shares of the Chicago and North-western preferred railroad company stock, in the spring of 1867, for the plaintiff. The plaintiff paid $1,000 to defendant's firm, as margin. The stock declined, and plaintiff put up $500 more margin, in April, 1867, which he withdrew on July 8th, 1867. In the latter part of July, the defendant's firm failed, made an assignment, and sold plaintiff's stock. The plaintiff received a small dividend under defendant's assignment, and the defendants were subsequently discharged under the bankrupt act.

The conversion of the stock is not denied; but the defendant seeks to defend this action upon two grounds: 1st. That the plaintiff has, since the conversion, waived the tort ; and such being the fact, 2d. That the claim for the money has been discharged, under the bankrupt law. The plaintiff had a cause of action ; has it been extinguished? If it has not, he still has it. It was not extinguished by his silence, upon being informed of the unauthorized sale of the stock. There are cases where silence will conclude a party who suffers acts to be done inconsistent with his claim, and the rights of others are thereby prejudiced ; but a failure to object after conversion, without his knowledge, is not such a case. The party has six years to enforce his claim. The receipt of the dividend of defendant's assignee did not, of itself, extinguish the plaintiff's claim. The dividend must have been received with the intent thereby to extinguish the claim, or with the knowledge of the fact, that the receipt of the money would extinguish it. This

question was submitted to the jury, and we think, under the evidence, the verdict of the jury cannot be set aside by an appellate court. Judgment affirmed, with costs.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.